69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Antonio Arcenio BLANCO-JARQUIN; Olga Sabina Dejesus
Hernandez-Moreno; Juan Ernesto Blanco-Hernandez,
Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-3294.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1995.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges, and HACKETT, District Judge.*
 
 ORDER
 
 2
 Antonio Arcenio Blanco-Jarquin, Olga Sabina de Jesus Hernandez-Moreno, and Juan Ernesto Blanco-Hernandez, citizens of Nicaragua, petition through counsel for review of a decision of the Board of Immigration Appeals (BIA). The BIA dismissed their appeal from a decision of an Immigration Judge (IJ) denying them relief from deportation in the form of asylum or withholding of deportation, pursuant to 8 U.S.C. Secs. 1158(a) or 1253(h). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The petitioners, who are a husband and wife and child, entered this country without inspection by the immigration authorities on January 15, 1990, a fact which they have conceded renders them deportable. They applied for asylum or withholding of deportation and were granted a hearing before an IJ, who found the testimony of the husband and wife to lack credibility and therefore denied their applications for relief. The BIA agreed with the findings of the IJ.
 
 
 4
 Applicants for asylum must establish that they are refugees as defined in 8 C.F.R. Sec. 208.13(b). In this case, the petitioners were required to establish that they had suffered past persecution or had a well-founded fear of future persecution based on their political opinions. See INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987). The BIA found that the evidence of persecution submitted by the petitioners lacked credibility because there were significant discrepancies between their applications and the affidavits in support and the testimony at the hearing. A finding of lack of credibility is due substantial deference if supported by specific, cogent reasons for the disbelief. Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). A reviewing court may not reverse the BIA simply because it would have decided the case differently; the evidence must be so compelling that no reasonable finder of fact could fail to find the requisite fear of persecution. Klawitter v. INS, 970 F.2d 149, 151-52 (6th Cir.1992).
 
 
 5
 Upon careful consideration, we conclude that the BIA's finding of lack of credibility is supported by substantial evidence. Furthermore, as the petitioners failed to establish their eligibility for asylum, they are necessarily ineligible under the stricter standard for withholding of deportation. See Berroteran-Melendez, 955 F.2d at 1258. The petition for review is therefore denied.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation